USDC IN/ND case 1:23-cv-00409-CCB-ALT   document 5   filed 08/08/23   page 1 of 9

90D01-2308-CT-000013
Wells Superior Court

Filed: 8/8/2023 4:33 PM
Clerk
Wells County, Indiana

"EXHIBIT A"

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE WELLS COUNTY SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF WELLS | ) | CAUSE NO.: |

CHANTAL HARTFIELD, HEIDI NIEGO,        )
RICHARD JACKSON, TYLER BUNCH,          )
COURTNEY WIDUP, KIMRA SMITH, JIMMY     )
SMITH, BRANDON DELONG, LISA GARRETT,   )
and MICHAEL SCARBERRY,                 )
                                       )
             Plaintiffs,               )
                                       )
    vs.                                )
                                       )
LANDMARK RECOVERY OF CARMEL LLC,       )
                                       )
             Defendant.                )

## COMPLAINT FOR DAMAGES

Comes now the Plaintiffs, Chantal Hartfield, Heidi Niego, Richard Jackson, Tyler Bunch, Courtney Widup, Kimra Smith, Jimmy Smith, Brandon DeLong, Lisa Garrett, and Michael Scarberry (collectively hereinafter "Plaintiffs"), by counsel, and for their Complaint for Damages against the Defendant, Landmark Recovery of Carmel LLC, alleges and asserts the following:

1. At all times relevant hereto, Plaintiffs, and each of them, were occupants and/or residents at Defendant, Landmark Recovery of Carmel LLC's, location at 1529 W Lancaster St., Bluffton, Indiana 46714-1507.

2. At all times relevant hereto, Defendant, Landmark Recovery of Carmel LLC, was a substance abuse rehabilitation facility.

3. At all times relevant hereto, Defendant, Landmark Recovery of Carmel LLC, was a substance abuse rehabilitation facility doing business as Praxis in the City of Bluffton, County of Wells, in the State of Indiana.

1

4.      At all times relevant hereto, Defendant, Landmark Recovery of Carmel LLC, was a substance abuse rehabilitation facility located at 1529 W Lancaster St., Bluffton, Indiana.

5.      While occupants and/or residents of Defendant, Plaintiffs, and each of them, sustained severe personal injuries as the result of the actions and omissions of Defendant, Landmark Recovery of Carmel LLC.

## COUNT I: ENDANGERMENT

COMES NOW Plaintiffs, by and through their attorneys, and for their Complaint for Damages against the Defendant, Landmark Recovery of Carmel LLC, and respectfully show the Court as follows:

6.      Plaintiff hereby incorporates paragraphs 1 through 5 as if set forth fully herein.

7.      Indiana Code § 12-10-3-2 defines an "endangered adult" as an individual who is (1) at least eighteen (18) years of age; (2) incapable by reason of mental illness, intellectual disability, dementia, habitual drunkenness, excessive use of drugs, or other physical or mental incapacity of managing or directing the management of the individual's property or providing or directing the provision of self-care; and is (3) harmed or threatened with harm as a result of: (A) neglect; (B) a battery offense included in Ind. Code § 35-42-2; or (C) exploitation of the individual's personal services or property.

8.      Plaintiffs, and each of them, were (1) over eighteen (18) years of age; (2) incapable by reason of habitual drunkenness, excessive use of drugs, and other physical or mental incapacity of directing the provision of self-care; and (3) were harmed and/or threatened with harm as a result of (A) neglect; (B) battery; or (C) exploitation of the individual's personal services or property.

9.      As a direct and proximate result of Defendants negligence and the harm inflicted therein, Plaintiffs sustained substantially serious and debilitating personal injuries.

2

## COUNT II: PREMISE LIABILITY

COMES NOW Plaintiffs, by and through their attorneys, and for their Complaint for Damages against the Defendant, Landmark Recovery of Carmel LLC, and respectfully show the Court as follows:

10. Plaintiff hereby incorporates paragraphs 1 through 9 as if set forth fully herein.

11. The Indiana Medical Malpractice Act does not apply to every negligent act or omission by a health care provider. *Lyons v. Lutheran Hosp.*, 2004 U.S. Dist. LEXIS 20255, at *7 (S.D. Ind. Sep. 15, 2004), *E.g., Winona Memorial Foundation v. Lomax*, 465 N.E.2d 731, 742 (Ind. App. 1984). *Winona* states that a premise liability claim by a patient against a health care provider is not within the coverage of the Indiana Medical Malpractice Act ("MMA"). 465 N.E.2d at 731. Although the plaintiff may be a patient and the defendant may be a qualified health care provider within the MMA's meaning, the court held that the patient's "premise liability" claim for injuries resulting from the negligent maintenance of the premise is not a malpractice claim within the scope of the MMA. *Id*. Furthermore, the court concluded that the MMA "had nothing to do with the sort of liability any health care provider – risks when a patient, or anyone else, is injured by the negligent maintenance of the provider's business premises." *Id*. At 739.

12. At all times relevant hereto, Defendant, Landmark Recovery of Carmel LLC, was the owning corporation of the property and facility known as Praxis located at 1529 W Lancaster St., Bluffton, Indiana.

13. At all times relevant hereto, Plaintiffs, and each of them, were staying at Praxis to recover from substance abuse.

14. Defendant, Landmark Recovery of Carmel LLC, owned, operated, and otherwise managed Praxis while Plaintiffs were invitees on the premises.

3

15. While staying at Praxis, Plaintiffs sustained severe personal injuries as the result of unsafe and hazardous conditions on the premise.

16. As owners, operators, controllers, and/or maintainers of the premise, Defendant owed Plaintiffs a legal duty to ensure that the premises were maintained in a safe condition.

17. Around said time and place, Defendant provided unsanitary living conditions, including but not limited to black mold, the ceiling caving in, non-working air conditioners, insect infestation, showers failing to drain, and septic issues.

18. Around said time and place, Defendant knew of other occupants and/or residents who had a propensity for violence and failed to mitigate and/or prevent physical altercations and harm, such as but not limited to fist-fights.

19. Around said time and place, Defendant knew of or in the exercise of reasonable care should have known that staff, occupants, and/or residents were smoking and causing fire alarms to repeatedly go off, causing a hazard by creating an ill-supervised and mismanaged total evacuation of the building without attendance accountability.

20. Around said time and place, Defendant knew of and failed to clean or remove bodily fluids such as vomit or defecation from occupants and/or residents, including Plaintiffs', rooms.

21. Around said time and place, Defendant knew of other occupants and/or residents who had a propensity for violence and failed to mitigate and/or prevent physical altercations and harm, such as but not limited to fist-fights.

22. Around said time and place, Defendant knew of other occupants and/or residents who were sexually assaulting other occupants and/or residents and failed to mitigate and/or prevent physical altercations and harm.

23. Around said time and place, Defendant knew of other staff and/or residents who were sexually assaulting other occupants and/or residents and failed to mitigate and/or prevent physical altercations and harm.

24. Around said time and place, Defendant knew of the inadequacy of the types and number of meals and drinks served and the inadequate portions served to other occupants and/or residents causing residents to miss meals, which is a basic and fundamental right of Plaintiffs while invitees on Defendant's premises.

25. Around said time and place, Defendant knew of the lack of adequate working showers and facilities filled with human waste which prevented Plaintiffs from basic uses of showers and toilets, which are basic human needs that Plaintiffs were deprived of during their residency at Defendant's premises.

26. Around said time and place, Defendant knew of other occupants and/or residents entering other occupants and/or residents, including Plaintiffs', rooms without permission.

27. At said time and place, Defendant knew, or by exercise of reasonable care should have known, of the dangerous and hazardous conditions which existed on the premises and that such condition posed an unreasonable risk of harm to the invitees on Defendant's premise, including Plaintiffs, and failed to take appropriate action to remedy the hazardous conditions.

28. At said time and place, Defendant, did not attempt to warn Plaintiffs of the hazardous conditions which existed on the premise, and failed to post signs, clean, or otherwise block the dangerous area.

29. Defendant was negligent in, among other things, failing to warn Plaintiffs of the dangerous conditions and failing to properly instruct invitees of the possible hazardous conditions.

30. Defendant was negligent in, among other things, failing to implement proper safety and maintenance procedures.

31. Defendant was negligent in, among other things, failing properly inspect the premise.

32. Defendant breached their duty owed to Plaintiffs by failing to maintain Praxis and its premises in a reasonably safe and secure manner for its residents, including the Plaintiffs.

33. As a direct and proximate result of Defendant's breach of their duty, Plaintiffs, and each of them, sustained severe and permanent injuries.

34. As a direct and proximate result of the injuries sustained by Plaintiffs, Plaintiffs have experienced mental anguish, emotional distress, pain, and suffering, all of which may continue for an indefinite period.

35. As a direct and proximate result of the negligence of the Defendant, Plaintiffs have been damaged.

## COUNT III: NEGLIGENCE

COMES NOW Plaintiffs, by and through their attorneys, and for their Complaint for Damages against the Defendant, Landmark Recovery of Carmel LLC, and respectfully show the Court as follows:

36. Plaintiff hereby incorporates paragraphs 1 through 35 as if set forth fully herein.

37. At all times relevant hereto, Plaintiffs were staying at Defendant, Landmark Recovery of Carmel LLC, at 1529 W Lancaster St., Bluffton, Indiana to recover from substance abuse.

38. While staying at Defendant, Landmark Recovery of Carmel LLC, in Bluffton, Indiana, Plaintiffs sustained severe personal injuries as the result of the management, care, control, and operation of the facility while they were residing there.

39. Around said time and place, Defendant permitted and failed to prohibit individuals from bringing illicit drugs into the facility.

40. Around said time and place, Defendant failed to provide individuals with adequate dietary and nutritional needs such as permitting occupants and/or residents to go days without food or beverage.

41. Around said time and place, Defendant withheld occupants and/or residents, including Plaintiffs', personal belongings such as phone, wallets, keys, and clothing without access for extended periods of time. If occupants and/or residents asked to leave the Defendant's property, they were not permitted their personal belongings for minimally twenty-four hours.

42. At said time and place, the Defendant, Landmark Recovery of Carmel LLC, had actual or constructive knowledge of the danger or peril the conditions of the facility presented to the public.

43. As a direct and proximate result of the negligence of the Defendant, Landmark Recovery of Carmel LLC, the Plaintiffs, without any contributory negligence did suffer injuries, damages, and harm.

44. As a direct and proximate result of Defendant's negligence, Plaintiffs, and each of them, sustained substantially serious and debilitating personal injuries.

45. In order to treat their injuries and to lessen their pain and suffering, Plaintiffs, and each of them, have been required to engage the services of hospitals, physicians, and therapists for medical care, therapy, treatment, and medicines and has incurred substantial medical bills for such treatment.

46. As a direct and proximate result of the negligence of Defendant, Plaintiffs will be required to seek medical treatment in the future and will incur future expenses attendant therewith.

47. As a result of the actions and omissions described herein and the injuries to Plaintiffs, Plaintiffs' quality of life has been diminished indefinitely.

48. As a result of the injuries sustained by Plaintiffs, Plaintiffs have experienced mental anguish, emotional distress, pain, and suffering, including but not limited to post traumatic stress disorder, anxiety, depression, all of which may continue for an indefinite period.

49. As a direct and proximate result of the negligence of the Defendant, Plaintiffs has been damaged.

## COUNT IV: PUNITIVE DAMAGES

COMES NOW Plaintiffs, by and through their attorneys, and for their Complaint for Damages against the Defendant, Landmark Recovery of Carmel LLC, and respectfully show the Court as follows:

50. Plaintiff hereby incorporates paragraphs 1 through 49 as if set forth fully herein.

51. Defendant, Landmark Recovery of Carmel LLC, acted with gross negligence and with wanton and in reckless disregard for the Plaintiffs' health and safety and as such, Plaintiffs are entitled to punitive damages.

52. At said time and place, Defendant, Landmark Recovery of Carmel LLC, was improperly motivated and egregiously took advantage of a vulnerable population. As such, Plaintiffs are entitled to damages for the acts and behavior of Defendant.

53. Plaintiffs are entitled to a punitive damage award sufficient to punish Defendant and to deter Defendant from engaging in the same or similar conduct in the future.

54. Plaintiffs are entitled to an award of punitive damages to assure future occupants and/or residents of Defendant's facility are safe and will not be treated similarly. The award should be sufficient to be memorable of Defendant not to ever engage in a reckless manner and in total disregard for the physical and mental safety and security of their occupants and/or residents.

WHEREFORE, Plaintiffs, Chantal Hartfield, Heidi Niego, Richard Jackson, Tyler Bunch, Courtney Widup, Kimra Smith, Jimmy Smith, Brandon DeLong, Lisa Garrett, and Michael Scarberry, pray for judgment in their favor and against the Defendant, in an amount commensurate with the damage sustained, for the costs of this action, attorney fees and expenses, for trial by jury, punitive damages, and for all other relief just and proper in the premise.

Respectfully submitted,

**CROSSEN LAW FIRM LLC**

/s/Trevor J. Crossen
Trevor J. Crossen
Attorney No. 18592-49
Attorney for Plaintiff

/s/Gina M. Koeneman
Gina M. Koeneman
Attorney No. 36989-29
Attorney for Plaintiff

**CROSSEN LAW FIRM, LLC**
4661 Lisborn Drive
Carmel, IN 46033
Telephone: (317) 939-6800
Trevor@crossenlawfirm.com
gina@crossenlawfirm.com