UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHANTAL HARTFIELD, HIEDI NIEGO RICHARD JACKSON, TYLER BUNCH, COURTNEY WIDUP, KIMBRA SMITH, JIMMY SMITH, BRANDON DELONG, LISA GARRETT, AND MICHAEL SCARBERRY<br><br>Plaintiffs,<br><br>v.<br><br>LANDMARK RECOVERY OF CARMEL, LLC d/b/a PRAXIS OF FORT WAYNE BY LANDMARK RECOVERY, LANDMARK RECOVERY OF LOUISVILLE, LLC., and LANDMARK RECOVERY MANAGEMENT COMPANY, LLC.<br><br>Defendants. | CAUSE NO.: 1:23-CV-409 HAB |

**OPINION AND ORDER**

Landmark Recovery is a Tennessee-based residential substance abuse rehabilitation facility providing residential substance abuse treatment services throughout the country, including locations in Fort Wayne and other Indiana cities. https://landmarkrecovery.com/about-us/ (last accessed November 8, 2023). In late July 2023, three of the Indiana-based facilities were closed after the Indiana Division of Mental Health and Addiction revoked their licenses following the death of three residents in the same week.[1] This case represents one of five negligence suits from patients and residents against the various Landmark Recovery entities.[2]

---

[1] https://apnews.com/article/indiana-suspends-licenses-three-addiction-treatment-centers-a93da36decccdbd7c073c491d653858b

[2] Three cases were removed from state court to this Court's South Bend Division: *Harbor, et al. v. Landmark Recovery of Carmel, LLC*, 3:23-CV-840; *Harris, et al. v. Landmark Recovery of Carmel, LLC,* 3:23-CV-862; *Diehl, et al., v.*

Plaintiffs filed this case in state court. Defendants, invoking diversity jurisdiction, removed the case here. Now before the Court is Plaintiffs' Motion to Remand. (ECF No. 7). The matter is fully briefed (ECF Nos. 7, 9 and 10) and ripe for consideration. Because the Court finds that Plaintiffs have set forth no valid basis for remand, their motion will be denied.

## **DISCUSSION**

Removal is governed by 28 U.S.C. § 1441. Generally, so long as the case could have originally been filed in federal court, the case may be removed. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n*, 707 F.3d 883, 890 (7th Cir. 2013). The party seeking removal, as the proponent of federal subject matter jurisdiction, has the burden of proof on the existence of such jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006). When removal is based on federal diversity jurisdiction the parties to a case must be of completely diverse state citizenship and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a); *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 83-84 (2014). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). Moreover, doubts concerning removal must be resolved in favor of remand to the state court. *Id*.

The parties do not dispute two things: diversity jurisdiction exists and Plaintiffs could have brought their suit in federal court. So that invites the question: under what legal basis do Plaintiffs seek remand? While a shoulder-shrugging emoji might be the best explanation, Plaintiffs entreat the Court to remand the case because it "could" move to join non-diverse plaintiffs from the Wells

---

*Landmark Recovery of Carmel, LLC,* 3:23-CV-863, (collectively "the South Bend Cases"). One state court case pends in Wells County Superior Court, *Weiss et al., Landmark Recovery of Carmel LLC,* 90D01-2309-CT-000016, ("the Wells County case").'

County case which would destroy diversity and warrant remand. Plaintiffs are correct that "if" those events occurred remand could be proper. But therein lies the rub – Plaintiff hasn't attempted to join non-diverse plaintiffs and the Court hasn't granted joinder of non-diverse plaintiffs.

Instead, Plaintiffs argue that the Court should just short-circuit the procedural rules and remand now for efficiency's sake. Even if the Court could just "disregard" the rules of procedure because it is easier than letting the procedures play out, there are rules for a reason. And a Court cannot just rubber stamp representations made by parties in a brief that predict remand would be appropriate *if* certain motions were filed. Indeed, when joinder of a nondiverse party would "destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies and provides the district court two options: (1) deny joinder, or (2) permit joinder and remand the action to state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759 (7th Cir. 2009). In determining whether the post-removal joinder of a non-diverse party is proper under 28 U.S.C. § 1447(e), courts weigh these factors: (1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations. *Schur*, 577 F.3d at 759.

Simply put, the Court has obligations under §1447(e) and "[w]hen a plaintiff amends his complaint after removal in a way that destroys diversity, a district [c]ourt must consider the reasons behind the amendment in determining whether the remand is proper. If a plaintiff amended simply to destroy diversity the district court should not remand." *Schillinger v. Union Pac. R.R. Co.*, 425 F.3d 330 (7th Cir. 2005). These determinations must be made after a proper motion is filed and fully briefed. That has not occurred here and so Plaintiffs' motion to remand (ECF No. 7) is DENIED.

SO ORDERED on November 13, 2023

                                        s/ *Holly A. Brady*
                                        CHIEF JUDGE HOLLY A. BRADY
                                        UNITED STATES DISTRICT COURT