UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **CHANTAL HARTFIELD**, *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Case No. 1:23-cv-00409-HAB-SLC |
| **LANDMARK RECOVERY OF CARMEL LLC**, *doing business as* **Praxis of Fort Wayne by Landmark Recovery**, *et al.*, | ) ) ) ) ) ) |
| Defendants. | ) ) |

**OPINION AND ORDER**

On September 22, 2023, Defendants removed this action from the Wells County Superior Court, alleging diversity of citizenship as the basis for jurisdiction under 28 U.S.C. § 1332. (ECF 1). Defendants' allegations of diversity of citizenship, however, require clarification in several respects.

The citizenship of a limited liability company (LLC) "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). When alleging Defendants Landmark Recovery of Carmel LLC's and Landmark Recovery Management Company, LLC's citizenship, Defendants state that each entity's sole member, Landmark Recovery of Louisville, LLC (the third defendant in this case), is "owned by the Clifford F. Boyle Family Trust (a traditional trust whose trustee is Clifford Boyle, a resident and citizen of Tennessee); and 4GEN LLC." (ECF 1 ¶¶ 2-4). They further allege that "4GEN LLC is a Delaware limited liability company with its principal place of business in Tennessee . . .

. owned by the Clifford F. Boyle Family Trust." (*Id.* ¶ 3). They conclude that all three Defendants are citizens of Delaware and Tennessee. (*Id.* ¶ 4).

However, the Court must be informed of the name and citizenship of each member of Landmark Recovery of Louisville, LLC. *See Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (explaining that the court would "need to know the name and citizenship(s)" of *each* partner of a partnership for diversity jurisdiction purposes). If any of this Defendant's members are not natural persons, Defendants must trace each member's citizenship through all applicable layers of ownership to ensure that none of the members share a common citizenship with each plaintiff. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004). While Landmark Recovery of Louisville, LLC, may be "owned" by the Clifford F. Boyle Family Trust and 4GEN LLC, the Court has no assurance on this record that those two entities are actually the sole *members* of Landmark Recovery of Louisville, LLC, as there could be more members that would impact its citizenship. The same applies to 4GEN LLC, which Defendants state is also "owned" by the Clifford F. Boyle Family Trust. For those reasons, the allegations in the Notice of Removal pertaining to Defendant Landmark Recovery of Louisville, LLC, require further clarification.[1]

Second, and for the same reasons stated above, Defendants' corporate disclosure statement (ECF 3) is noncompliant with Federal Rule of Civil Procedure 7.1(a)(2), which requires that parties in a diversity action "name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party . . . ." As a corollary, Plaintiffs have not filed their disclosure statement pursuant to Rule 7.1(a)(2) and will be directed to do so as well.

---

[1] Nor does Defendants' disclosure statement cure this deficiency, as, there, Defendants recite the same language appearing in their Notice of Removal. (ECF 3 ¶ 1; *see* ECF 1 ¶ 3).

Accordingly, Defendants are AFFORDED to and including November 28, 2023, to file: (1) a supplemental jurisdictional statement that adequately articulates Defendant Landmark Recovery of Louisville, LLC's citizenship,[3] and (2) an amended disclosure statement that fully complies with Rule 7.1. Further, Plaintiffs are ORDERED to file their own disclosure statement in accordance with Rule 7.1 on or before November 28, 2023.

SO ORDERED.

Entered this 17th day of November 2023.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

---

[3] In filing the supplemental jurisdictional statement, Defendants are to bear in mind that "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (citations omitted); *see also Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004).