**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| **CHANTAL HARTFIELD,** *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) **Case No. 1:23-cv-00409-CCB-ALT** |
| | ) |
| **LANDMARK RECOVERY OF** | ) |
| **CARMEL LLC,** *doing business as* | ) |
| **Praxis of Fort Wayne by Landmark** | ) |
| **Recovery,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## REPORT AND RECOMMENDATION

Plaintiffs **Brandon Delong** and **Lisa Garrett** (together, the "Show-Cause Plaintiffs"), together with eight other Plaintiffs, filed this case against Defendants in August 2023, claiming they sustained personal injuries caused by Defendants while Plaintiffs were residing at Defendants' substance abuse rehabilitation facility. (ECF 5, 6). Due to Show-Cause Plaintiffs' disregard for the Court's Orders and their apparent disinterest in pursuing their claims, the undersigned Magistrate Judge *sua sponte* recommends that Show-Cause Plaintiffs' claims be DISMISSED WITH PREJUDICE as a sanction under Federal Rule of Civil Procedure 16(f) and for failure to prosecute under Federal Rule of Civil Procedure 41(b).

## I. FACTUAL AND PROCEDURAL BACKGROUND

This Report and Recommendation is based on the following facts and principles of law: On February 29, 2024, the Court held a telephonic preliminary pretrial conference, setting a discovery deadline of May 19, 2025. (ECF 36, 37). This deadline has been extended multiple times due to motion practice by the parties, which included several motions to compel, and the complexity of this case and related cases. Most relevant, the Court entered three discovery-

related Orders dated May 29, 2025 (ECF 86), June 27, 2025 (ECF 99), and December 9, 2025 (ECF 115) (collectively, the "Court's Discovery Orders"), ordering Plaintiffs to provide supplemental discovery responses and to submit to a deposition by dates certain.

On February 26, 2026, the Court ordered the parties to file a joint status report as to any Plaintiff's failure to comply with discovery obligations. (ECF 128). On March 6, 2026, the parties did so, identifying Show-Cause Plaintiffs as parties who have either failed to provide supplemental discovery responses or submit to a deposition, or both. (ECF 129).

On March 9, 2026, the Court issued a Notice and Order to Show-Cause Plaintiffs, ordering them to appear in person at a show-cause hearing on April 1, 2026, at 10:00am ET, and show cause why they should not be sanctioned for either their failure to produce supplemental discovery responses or submit to a deposition, or both, in accordance with the Court's Discovery Orders. (ECF 130). Show-Cause Plaintiffs were warned in the Notice and Order that if they failed to timely appear in person at the April 1, 2026, show-cause hearing, additional sanctions may issue up to and including monetary fines and dismissal of their claims in this lawsuit. (*Id.*). Plaintiffs' counsel was ordered to send a copy of the Notice and Order to Show-Cause Plaintiffs and notify them of the April 1, 2026, show-cause hearing via at least two modes of communication. (*Id.*).

At the show-cause hearing on April 1, 2026, Plaintiffs' counsel and Defendants' counsel appeared, but Show-Cause Plaintiffs failed to appear. (ECF 131).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 16(f)(1) provides that the Court may, on its own motion, "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party … (A) fails to appear at a scheduling or other pretrial conference; … or (C) fails to obey a scheduling or

other pretrial order." Specifically, Rule 37(b)(2)(A)(v) authorizes the Court to dismiss an action, in whole or part, as a sanction for failing to comply with a court order. The "ultimate sanction [of dismissal] is reserved for cases in which the offending party has demonstrated wilfulness, bad faith, or fault." *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000) (citation omitted).

Further, "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Additionally, district courts have the authority to dismiss actions for failure to prosecute *sua sponte* as "an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (citation and internal quotation marks omitted). That is, "[d]istrict courts have the power to control their dockets, and there comes a point when disregard of court rules and orders becomes so serious that sanctions, including dismissing a case *sua sponte,* are in order." *Alexander v. Casino Queen Inc.*, 321 F. App'x 509, 511 (7th Cir. 2009) (citations omitted).

"The sanction of dismissal is appropriate only in extreme situations when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *English v. Cowell,* 969 F.2d 465, 473 (7th Cir.1992) (citations and internal quotation marks omitted). "The criteria for sanctions under Rules 16(f), 37(b), and 41(b) are the same." *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (collecting cases).

### III. DISCUSSION

Despite the Court's Notice and Order requiring their presence (ECF 130), Show-Cause Plaintiffs failed to appear at the April 1, 2026, show-cause hearing. (ECF 131). This alone warrants sanctions under Rule 16(f)(1)(A) up to and including involuntary dismissal. *See Lucien*,

9 F.3d at 29 ("A determination that by disobeying [an order to appear at a hearing] the plaintiff failed to prosecute his suit and that the suit should be dismissed with prejudice as a sanction for that failure is equivalent to a determination that the disobedience of such an order should be visited with the sanction of dismissal by the force of Rule 37(b) directly or as incorporated into Rule 16 ….").

Further, I find that Show-Cause Plaintiffs' failure to supplement their discovery responses and submit to a deposition in violation of the Court's Discovery Orders is contumacious conduct warranting dismissal of this case pursuant to Rule 41(b) and the Court's "inherent power" to manage its own affairs "so as to achieve the orderly and expeditious disposition" of this case. *James*, 417 F.3d at 681 (citation omitted); *see also Johnson v. Berrien Cnty. Mich.*, No. 3:19-cv-106 DRL-MGG, 2020 WL 5258261, at *1 (N.D. Ind. Sept. 3, 2020) ("After a record of repeated and unexcused noncompliance, and opportunities to be heard, the court's decision at this point is straightforward: this case is dismissed with prejudice …."); *Renehan v. Soc. Sec. Admin.*, No. 1:19-cv-04643-JRS-TAB, 2020 WL 6681636, at *1 (S.D. Ind. Nov. 12, 2020) ("[T]he Court … finds that this matter should be dismissed without prejudice based on Plaintiff's failure to respond in any meaningful way to the two successive show cause orders requiring him to show that he had effected service on Defendants.").

Similarly, while the Seventh Circuit Court of Appeals has often required that fair notice be given to a party or its attorney before dismissal, *see Ball v. City of Chi.*, 2 F.3d 752, 755-56 (7th Cir. 1993), the Court explicitly warned Show-Cause Plaintiffs in its Notice and Order dated March 9, 2026, that their claims may be dismissed if they failed to appear at the April 1, 2026, show-cause hearing (ECF 130). As such, the Court has explicitly warned Show-Cause Plaintiffs

of the possibility of dismissal of their claims. Consequently, I see no need to further delay the dismissal of Show-Cause Plaintiffs' claims in this action.

## IV. CONCLUSION

For the foregoing reasons, the undersigned Magistrate Judge *sua sponte* RECOMMENDS that the claims of Plaintiffs **Brandon Delong** and **Lisa Garrett** be DISMISSED WITH PREJUDICE pursuant to Federal Rules of Civil Procedure 16(f)(1) and 41(b) and the Court's inherent power to manage its own affairs as a result of their failure to attend the show-cause hearing on April 1, 2026 (ECF 130, 131), and comply with the Court's Discovery Orders (ECF 86, 99, 115).

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record. NOTICE IS HEREBY GIVEN that within fourteen days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER. *See Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

Entered this 10th day of April 2026.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge